# Richmond.

## SHRECK v. VIRGINIA HOT SPRINGS COMPANY.

November 13, 1924.

1. MOTION FOR JUDGMENT—*Notice as Pleading Viewed with Great Liberality.*—Notices of motions for judgments as pleadings must be viewed with great liberality, and the same strictness is not required as in formal pleadings.

2. MOTION FOR JUDGMENT—*Damages for Interference with Plaintiff's Business—Dispossession of Plaintiff from Room which he had Right to Use—Bill of Particulars—Case at Bar.*—In the instant case, a motion for judgment for damages, plaintiff alleged that he was engaged in the hair dressing and manicuring business in a room at the bathhouse adjoining the hotel at Hot Springs, which he had a right to use for his business; that he also had the right to use the hotel telephone, the right to have his name in the telephone directory, the right to post his advertisements in the central office; and that defendant, intending to injure his business, attempted to dispossess him of the room, employed another hair dresser, removed his advertisements, disconnected his telephone, failed to list his name in the telephone directory and informed persons who desired to employ him that he was no longer engaged in business at Hot Springs.

   *Held:* That the notice stated a cause of action, though somewhat imperfectly, and that instead of sustaining a demurrer thereto, the trial court should have overruled the demurrer, and, if requested, should have required the plaintiff to file a bill of particulars setting forth the grounds of his claim to use the room and other accessories.

3. APPEAL AND ERROR—*Error to Judgment Sustaining Demurrer to Notice of Motion for Judgment—Discussion of Rights of the Respective Parties—Case at Bar.*—In the instant case, a motion for judgment for damages for injury to plaintiff's business by an alleged attempt by defendant to dispossess plaintiff of the room in which he carried on his business and to deprive him of certain accessories to his business, the Supreme Court of Appeals reversed the action of the trial court in sustaining a demurrer to the notice; and, as the rights of the respective parties might be affected largely by the facts, and as these had not been developed, deemed it improper to discuss the right to recover if the acts of the defendant had been done merely to injure the plaintiff and not in a *bona fide* exercise of any right of defendant.

4. Limitation of Actions—*Personal Action—Limitation—Personal Right—Special Plea.*—Generally the statute of limitations to a purely personal action is personal to the defendant, and can be made only by a special plea setting up the act.

5. Limitation of Actions—*Demurrer to a Motion for Judgment for Damages—Sustaining Demurrer where Facts are not Sufficiently Developed—Case at Bar.*—In the instant case, a motion for judgment for damages for injury to plaintiff's business by an attempt of defendant to dispossess him from the room in which he conducted it, the whole of plaintiff's claim was not fully set out in the notice as could be seen from looking at the record on a former hearing of the case which the Supreme Court of Appeals was permitted to inspect under the provisions of section 6345 of the Code of 1919. By sustaining the demurrer on the ground that the claim was barred, plaintiff was cut off from an opportunity of showing under what right he claimed the use of the room.

   *Held:* Error, because if this opportunity had been afforded plaintiff he might have been able to set forth a cause of action not barred by the statute.

Error to a judgment of the Circuit Court of Bath county, in a proceeding by motion for a judgment for money. Judgment for defendant. Plaintiff assigns error.

*Reversed and remanded.*

. The opinion states the case.

*Geo. A. Revercomb* and *Timberlake & Nelson*, for the plaintiff in error.

*J. T. McAllister* and *Allen, Walsh & Michie*, for the defendant in error.

Burks, J., delivered the opinion of the court.

This was a proceeding by a motion for judgment by Shreck against the Virginia Hot Springs Company. There was a demurrer to the notice, which was sus-

tained by the trial court, and this writ of error was awarded to the judgment sustaining the demurrer.

The grounds upon which the demurrer was sustained were (1) that the notice did not state a cause of action, and (2) if it did, the cause of action was barred by the act of limitations. The notice set forth that the plaintiff had been engaged in the hair dressing and manicuring business in a room at the bathhouse, adjoining the Homestead hotel at Hot Springs, Bath county, Virginia, which room the plaintiff had the right to use for the purpose of his business, and he also had the right to the use of the telephone and connection with the central office in the hotel, the right to post his advertisements and notices there, and the right to have his name in the telephone directory published by the defendant; that he had built up a valuable business and that the defendant, intending to damage, injure and destroy his business, attempted to dispossess him of the room, employed another hair dresser and manicurist, removed the advertisements and notices from the hotel building, informed persons who desired to employ him as hair dresser and manicurist that he was no longer engaged in that business at the Hot Springs, disconnected his telephone and failed to list his name in the telephone directory issued by the defendant; and that this was done for the purpose of injuring and destroying his business. The gravamen of the notice is that the plaintiff had the right to the use of the room and the incidentals thereto, and that the defendant, in violation of his right, and for the purpose of injuring him, had done the things hereinbefore complained of.

If the rights of the plaintiff were violated by the defendant from motives of "unmixed malice" and not for the purpose of protecting the rights of the defend-

ant, or to further its own business, or for its benefit, then the notice stated a cause of action.

[1, 2] We have often stated that these notices as pleadings must be viewed with great liberality, and that the same strictness is not required as in formal pleadings. It is unnecessary to repeat what has been so often said, but reference is made to some of the cases in which the court has expressed its opinion. See *Chandler* v. *Balt., etc., R. Co.*, 125 Va. 63, 99 S. E. 794; *Mankin* v. *Aldridge*, 127 Va. 761, 105 S. E. 459; *Foltz* v. *Conrad Realty Co.*, 131 Va. 496, 109 S. E. 463; *Matthews* v. *LaPrade*, 130 Va. 408, 107 S. E. 795; *Bardach Iron Co.* v. *Tenenbaum*, 136 Va. 163, 118 S. E. 502. In the light of these decisions we are of the opinion that the notice did note a cause of action, though somewhat imperfectly, and that, instead of sustaining the demurrer on that ground, the trial court should have overruled the demurrer, and, if desired by the defendant, should have required the plaintiff to file a bill of particulars setting forth more specifically and particularly the grounds of his claim and the right under which he claimed the use of the room and other accessories incident to his business as set forth in general terms in the notice.

[3] Counsel have gone at some length into a discussion of the right to recover where the acts of the defendant have been done merely to injure the plaintiff and not in a *bona fide* exercise of any right the defendant had over or in connection with his own property. The rights of the respective parties may be affected largely by the facts and as these have not been developed we deem it improper to discuss that subject.

[4] The demurrer to the notice was also sustained on the ground that the plaintiff's claim was barred by the

act of limitations. Generally the statute of limitations to a purely personal action is personal to the defendant, and can be made only by a special plea setting up the act.

In speaking of the defense by plea it is said in Burk's Pl. and Pr. (2d ed.), page 397: "This is generally the proper and only method. The others are exceptions. If this were not true, the plaintiff would be compelled to set out his whole case in his declaration, including not only the grounds of his action, but also excuses for not sooner bringing it, or else he would be cut off from relying upon the new promise in writing, infancy, insanity and many other answers to the plea. It is especially necessary in those jurisdictions which, like Virginia, allow the plaintiff either to bring his action on the old promise and reply the new, or else to bring it on the new." See also *Herrington* v. *Harkins*, 1 Rob. (40 Va.) 591.

[5] In the instant case the plaintiff's whole case was not fully set out in the notice, as may be seen from looking at the record on a former hearing of this case (*Va. Hot Springs Co.* v. *Schreck*, 131 Va. 581, 109 S. E. 595), which we are permitted to inspect under the provisions of section 6345 of the Code. By sustaining the demurrer on the ground that the claim was barred by the act of limitations, the plaintiff was cut off from the opportunity of showing under what right he claimed the use of the room mentioned in the notice. It may be that if this opportunity had been afforded him he might have been able to set forth a cause of action that was not barred by the statute of limitations. Upon this question, however, we express no opinion, but simply refer to the situation as showing the error in sustaining the demurrer on this ground.

For the errors hereinbefore pointed out, the judgment of the trial court will be reversed and the cause remanded for a new trial, at which the defendant shall be allowed to plead and the plaintiff to reply, and the case tried upon the issues thus made.

*Reversed and remanded.*