# Richmond

## John L. Shearin v. Virginia Electric and Power Company.

May 1, 1944.

Record No. 2769.

Present, Campbell, C. J., and Holt, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*Harry A. Brinkley* and *Earl W. White,* for the plaintiff in error.

*T. Justin Moore, Roman E. Miller* and *Archibald G. Robertson,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

This action at law was brought by John L. Shearin, plaintiff, against Virginia Electric and Power Company, defendant, to recover damages for injuries received as a result of a collision between an automobile, owned and driven by plaintiff, and an automobile bus, owned and operated by an agent of the defendant, the accident having occurred in the city of Portsmouth. The jury trying the case found a verdict in favor of the plaintiff in the sum of $2,000.

On motion of counsel for defendant, the trial court set aside the verdict of the jury and entered final judgment in favor of the defendant.

It appears from the record that on the 11th day of January, 1942, at approximately 6 o'clock p. m., the plaintiff was operating his automobile south on Broad street and the defendant was operating its bus west on Detroit street. In the center of the intersecting streets there was suspended a

caution light and the collision occurred directly under that light.

The evidence relating to the occurrence is brief. The plaintiff testified that as he approached the intersection he was traveling at a speed of approximately fifteen or twenty miles per hour; that he slowed down at the crossing light and, as he entered the intersection, he saw the bus approaching on his left at a distance of between 75 and 90 feet from the intersection; that the bus was running at a terrific rate of speed; that he observed two or more persons standing on the corner at the regular bus stop, apparently waiting to board the bus; that as the bus approached the bus stop, it slowed down and looked like it was going to stop; and that in an attempt to drive his car through the light, he "gave it the gas" and the impact took place.

To the same effect is the evidence of the witness W. B. Harrell.

No question is raised as to the extent of the injuries suffered or the amount of damages awarded.

Witnesses for the defendant testified that the plaintiff approached the intersection at an excessive rate of speed; that it was dark at the time the collision occurred and there was ice on the street.

W. T. Cunningham, the operator of the bus, testified that as he approached the intersection the bus was traveling at around twelve miles per hour; that the reason he did not stop to pick up the people standing on the corner was that another bus was following and that it was expected to pick up the passengers; that he reached the intersection prior to the plaintiff; that he saw the automobile coming fast; that he veered to the left and then to the right and was struck by plaintiff's car on the door of the bus, which caused the bus to skid on the ice and propelled it against the car of C. E. Bensten.

On this state of the evidence the case was submitted to the jury.

The motion to set aside the verdict and enter judgment in favor of defendant was based on the ground that the verdict was contrary to the law and the evidence.

The action of the court in sustaining the motion is assigned as error.

It is the contention of plaintiff that the evidence is conflicting and, therefore, the conflict having been resolved in plaintiff's favor, the verdict should be reinstated.

On the other hand, defendant's counsel makes the following contentions: First, the action of the court is without error; Second, even though the court erred in entering judgment in favor of defendant, this court should, by reason of the assignment of cross-error, reverse and annul the verdict of the jury on the ground that the trial court committed error in its instructions to the jury, and remand the case for a new trial.

Rule 15 of this court upon which the cross-error is based provides that:

"Upon any appeal, if error is perceived against any appellee, the court will consider the whole record as before it, and will reverse the proceedings, either in whole or in part, in the same manner as if the appellee had brought the case before it by appeal, unless such error be waived by the appellee, which waiver shall be considered a release of all error as to him.

"Appellee in his brief may assign cross-error in the same manner and with the same effect as though he had presented a petition for appeal, provided such assignment is supported by proper objection and exception in the record, as required by Rules 21 and 22."

All requirements of the rule have been met by the defendant. Hence, it is incumbent upon this court to first dispose of the cross-assignment of error, for the reason that if it be upheld, manifestly a verdict and judgment in favor of the plaintiff in error should not be sustained.

The first assignment of error upon which defendant relies is the action of the trial court in giving, over the objection of the defendant, this instruction:

"The Court instructs the jury that the law of this State provides that where two motor vehicles approach and enter an intersection at approximately the same time, the vehicle to the left shall yield the right of way to the vehicle to the right."

Section 2154 (123) Michie's Code, provides, in part:

"*Right of way.*—(a) When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right, * * * . The driver of any vehicle traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder."

It is urged upon us that the vice in the instruction is that it ignores the fact that the person having the right of way must exercise that right with reasonable care, which means at a lawful rate of speed.

It is beyond dispute that if the plaintiff was traveling at an unlawful rate of speed as he entered the intersection, he thereby forfeited any right of way the statute afforded him.

In *Temple* v. *Ellington*, 177 Va. 134, 142, 12 S. E. (2d) 826, Mr. Justice Gregory had this to say: "The driver of any vehicle traveling at an unlawful speed forfeits 'any right of way which he might otherwise have hereunder.' Code, Section 2154 (123)."

There was evidence in behalf of the defendant that the plaintiff entered the intersection at an excessive rate of speed. Whether he did so enter the intersection was a question for the jury and it was the province of the jury to determine the question of the forfeiture of such right as the statute provided.

■ This pertinent provision of the statute is ignored in the instruction, and, therefore, constitutes reversible error.

It is also assigned as error that the court, over the objection of the defendant, gave the following instruction:

"The Court instructs the jury that if you believe from the evidence the plaintiff arrived and entered the intersection at approximately the same time as the bus, the plaintiff had a right to assume the bus driver would obey the law and yield

the right of way to the plaintiff, and if you believe the defendant's driver failed in this particular and such failure was the sole proximate cause of the accident, you should find for the plaintiff."

The defendant objected and excepted to the instruction upon the sole ground that the instruction does not conform to the charge of negligence alleged in the notice of motion for judgment, which asserts merely that the operator of the bus "negligently, carelessly and unlawfully, without keeping a proper lookout, as required by law," ran into the plaintiff's automobile and thereby injured the plaintiff and damaged his automobile.

In support of defendant's contention, *Southern Ry. Co.* v. *Forgey*, 105 Va. 599, 54 S. E. 477, is relied upon. This case is not in point, for the reason that the decision is dealing with an allegation in a common law declaration. Since that case was decided, declarations have practically become obsolete and notices of motion, under the provisions of Code, section 6046 (Michie), have become the order of the day.

In *Curtis* v. *Peebles*, 161 Va. 780, 783, 172 S. E. 257, we said:

"In the enactment of the statute permitting the filing of a notice of motion in lieu of filing a declaration in an action at law, it was the manifest intention of the legislature to whittle away the so-called technical refinements of common-law pleading and to permit a simpler method of testing the rights of litigants." See also, *Shreck* v. *Virginia Hot Springs Co.*, 140 Va. 429, 432, 125 S. E. 316.

Even though it be conceded that the notice of motion should have gone into more detailed allegations of negligence, no harm has befallen the defendant. Its learned counsel is fully aware of the province of a bill of particulars and the liberality of the courts in requiring that the same be furnished upon motion of the defendant.

There is no merit in the second assignment of error.

For the reason stated, the case will be remanded for a new trial upon all the issues.

*Reversed and remanded.*