# Norfolk and Western Railway Company

### v.

# Bobby Joe Hughes

Record No. 930208

January 7, 1994

Present: All the Justices

114

*John D. Eure (James F. Johnson; Johnson, Ayers & Matthews,* on briefs), for appellant.

*Frank D. Lawrence, III (Eddie W. Wilson; Francis P. Hajek; Wilson & Hajek,* on brief), for appellee.

JUSTICE HASSELL delivered the opinion of the Court.

In this appeal, we consider whether the evidence was sufficient to support a jury verdict in favor of the plaintiff in an action filed under the Federal Employers' Liability Act (F.E.L.A.), 45 U.S.C. §§ 51 through 60. Bobby Joe Hughes filed this action against his former employer, Norfolk and Western Railway Company. The case was tried before a jury, which returned a verdict in favor of Hughes in the amount of $800,000. Norfolk and Western filed a motion to set the verdict aside on the basis that the evidence failed to show that Norfolk and Western was negligent. The trial court denied the motion and entered a judgment confirming the verdict. We awarded Norfolk and Western an appeal.

In accordance with well-settled principles, we will review the evidence and all reasonable inferences raised in favor of Hughes. Hughes was injured in Webb, West Virginia, on the night of October 14, 1988, when he was employed as a brakeman for Norfolk and Western. Around midnight, an engine unit pulled a large number of train cars from a siding track that was used to store train cars. Those cars were coupled to a group of train cars located on an adjacent track, creating a train which extended for approximately one and one-half to two miles in length.

The train engineer tested the air brakes. Then Hughes walked the length of the train to inspect visually pistons located above the wheels

on each train car. It was dark in the area because the train was situated on a track located between two mountains. Hughes used a lantern that provided illumination.

The purpose of Hughes' inspection was to ascertain whether the brakes were working properly. After he had inspected the entire train, Hughes signaled to the engineer to release the brakes. Hughes began to inspect each piston again to determine whether the brakes had released.

As Hughes was performing his inspection, his legs got "tired [and] fatigued," so he "stepped up on that ballast to walk a little to rest [his] legs," and he "stumbled and tripped and fell." Hughes testified at trial, "[o]nce I fell, when I first got up, my first intent was what happened, what did I fall over and I kind of glanced around and the only thing I saw was a split cross tie sticking up."* After his fall, Hughes walked to the engine and told the engineer that he had fallen and hurt his arms, shoulders, elbows, and knees.

Norfolk and Western contends that the judgment of the trial court should be reversed because Hughes failed to prove that Norfolk and Western was negligent. Norfolk and Western argues that Hughes failed to present any evidence that it knew, or in the exercise of reasonable care should have known, of the existence of an unsafe condition, in this instance, the "split, raised" crosstie. Hughes contends, however, that he presented sufficient evidence from which the jury could have inferred that Norfolk and Western knew, or in the exercise of reasonable care should have known, of the existence of the "split, raised" crosstie.

We analyze the merits of this appeal in accordance with F.E.L.A. as it has been interpreted by the Supreme Court, rather than looking to common law principles governing ordinary negligence actions. *Sabb* v. *Norfolk & P. Belt Line R.R.*, 222 Va. 19, 22, 278 S.E.2d 795, 797 (1981). Under F.E.L.A., a railroad carrier is liable whenever an employee's injury results "in whole or in part from the negligence of any of the officers, agents, or employees" of the railroad carrier. 45 U.S.C. § 51. The Supreme Court has said:

Under [F.E.L.A.] the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that,

---

* A crosstie is used to support the rails. Ballast is described as gravel or broken stone that is used to provide a firm surface for the track, to hold the track in line, and to facilitate drainage.

from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence. Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death. Judges are to fix their sights primarily to make that appraisal and, if that test is met, are bound to find that a case for the jury is made out whether or not the evidence allows the jury a choice of other probabilities. The statute [F.E.L.A.] expressly imposes liability upon the employer to pay damages for injury or death due "in whole or *in part*" to its negligence.

*Rogers* v. *Missouri Pacific R.R.,* 352 U.S. 500, 506-07 (1957) (emphasis in original) (footnotes omitted). We have applied this federal test in F.E.L.A. actions. *Sabb,* 222 Va. at 22, 278 S.E.2d at 797.

■ An employee in a F.E.L.A. action may rely entirely upon circumstantial evidence to meet his burden of producing evidence of the employer's negligence. *Rogers,* 352 U.S. at 508. Even though the standard of proof in a F.E.L.A. action is more lenient than in a common law action, the plaintiff nevertheless is still required to establish some act of negligence in order to prevail. *Hurley* v. *Patapsco & Back Rivers R.R.,* 888 F.2d 327, 329 (4th Cir. 1989).

■ The trial court and the litigants recognized these legal principles and, thus, the jury was given the following instructions without objection:

## Instruction No. 12

The Court instructs the jury that in order for the Plaintiff to recover, the Plaintiff must prove by a preponderance of the evidence that the Defendant knew, or, in the exercise of ordinary care, should have known that such a condition existed and that it had a reasonable opportunity to remedy the condition.

## Instruction No. 13

The Court instructs the jury that notice and knowledge to the railroad of an unsafe condition or practice may be actual notice or constructive notice. Constructive notice is that knowledge of a condition or practice the railroad should have discovered by exercising ordinary care.

■ Applying the aforementioned legal principles and the jury instructions, which became the law of this case, we hold that the trial court erred by entering judgment on the jury verdict because Hughes failed to present evidence that Norfolk and Western had actual or constructive notice of the "split, raised" crosstie. There is no evidence of record that Norfolk and Western actually knew of the "split, raised" crosstie. Therefore, Hughes' case rested entirely upon the theory that Norfolk and Western should have known of the existence of the "split, raised" crosstie. However, there is no evidence of record from which an inference could be drawn that Norfolk and Western had constructive notice of that unsafe condition. Rather, the evidence of record reveals that the rail tracks where Hughes fell were inspected twice each week, and that this portion of track was inspected the day before Hughes fell and no defects were discovered. These inspections consisted of visual examination of the tracks and surrounding structures.

■ Hughes also claims that the jury was entitled to use its knowledge and common experience and, thus, infer that "it would take some time for a crosstie to become split and raised, which would allow time for the railroad to know of that condition." Hughes relies upon the following statement made by the trial court to buttress this assertion:

> I think the Jury can find from the evidence that something as heavy as a railroad tie wouldn't spring up instantaneously and be in such a condition weighted down by a railroad track. I am not sure that that is beyond the range of their ability to know and infer.

We find no merit in Hughes' assertion. Inferences must be based upon facts, and the record is devoid of any facts from which an inference could be drawn about the condition of the "split, raised" crosstie or the cause of that condition. Therefore, the jury could only speculate regarding the length of time that crosstie had been damaged.

Hughes argues that even if he did not present sufficient evidence to show that Norfolk and Western knew or should have known of the existence of the "split, raised" crosstie, the trial court's judgment should be affirmed because there is evidence of an alternative basis for finding that Norfolk and Western was negligent. Hughes argues that Norfolk and Western was negligent because he was required to perform his duties in a dark area with only a lantern. We disagree.

Even though Hughes alleged in his motion for judgment that Norfolk and Western was negligent because it did not provide sufficient lighting in the area where he fell, he abandoned this theory at

trial because he did not present any evidence of inadequate illumination. It is true, as Hughes asserts, that the evidence of record shows that he was working at night in a dark area in a remote location between two mountains. The evidence of record also reveals, however, that Hughes had been provided with a lantern powered by a large six-volt battery. The lantern had two bulbs, one bulb that emitted a direct light beam and another bulb that emitted a broad light for walking.

There is simply no evidence of record from which a jury could infer that the light emitted from the railroad lantern was inadequate or that Norfolk and Western should have provided additional light for Hughes. Furthermore, when asked whether he "had any difficulty seeing where [he was] going," Hughes responded that he had not. Accordingly, we hold that Hughes failed to present any evidence that Norfolk and Western was negligent for failing to provide sufficient lighting under the circumstances.

Because we are of opinion that Hughes failed to present sufficient evidence to support the jury's finding of negligence, we do not consider Norfolk and Western's remaining assignments of error. The judgment of the trial court will be reversed, and we will enter final judgment in favor of Norfolk and Western.

*Reversed and final judgment.*