**CIRCUIT COURT OF THE CITY OF ROANOKE**

Michael Worley

v.

Norfolk Southern
Railway Co.

October 10, 2002

Case No. CL01-1037

BY JUDGE CLIFFORD R. WECKSTEIN

The plaintiff filed this suit under the Federal Employers Liability Act, 45 U.S.C. § 51 *et seq.* (Motion for Judgment ("M/J"), ¶ 2; Demurrer, ¶ 1.) Defendant Norfolk Southern Railway Company demurred, objecting to the manner in which the plaintiff described duties that the FELA imposes upon a railroad and to some of the adjectives and adverbs that the plaintiff employed in pleading his case. A demurrer, however, "tests the sufficiency of *factual allegations* to determine whether the motion for judgment states a cause of action." *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181 (1993) (emphasis added). Since the plaintiff's allegations of material fact sufficiently inform the defendant of the true nature the plaintiff's claim, I overrule the demurrer, and direct that Norfolk Southern file its grounds of defense within twenty-four days of the date of this letter.

In ruling on the demurrer, I treat the plaintiff's factual assertions as true, give him the benefit of all inferences that fairly can be drawn from his factual allegations, and assume the truth of any assertions of fact that can be "fairly and justly inferred" from his motion for judgment. *Breeding v. Hensley*, 258 Va. 207, 211-12, 519 S.E.2d 369 (1999); *Runion v. Helvestine*, 256 Va. 1, 7, 501 S.E.2d 411 (1998); *Ward's Equipment, Inc. v. New Holland North*

*America, Inc.*, 254 Va. 379, 383, 493 S.E.2d 516 (1997); *Rosillo v. Winters*, 235 Va. 268, 270, 367 S.E.2d 717, 717 (1988).

Under the Rules of the Supreme Court, "every pleading ... shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense." Va. S. Ct. Rule 1:4(d) (2000). "In any pleading, a simple statement ... of the essential facts is sufficient." Rule 1:4(j) (2000). "When a motion for judgment or a bill of complaint contains sufficient allegations of material facts to inform a defendant of the nature and character of the claim, it is unnecessary for the pleader to descend into statements giving details of proof in order to withstand demurrer. And, even though a motion for judgment or a bill of complaint may be imperfect, when it is drafted so that defendant cannot mistake the true nature of the claim, the trial court should overrule the demurrer...." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277 (1993) (citations omitted). "Pleadings must be viewed with great liberality." *See Shreck v. Virginia Hot Springs Co.*, 140 Va. 429, 432, 125 S.E. 316 (1924).

The Motion for Judgment alleges that the defendant and its predecessor by merger, Norfolk and Western Railway Company, were railroads operating in interstate commerce and that "personal injury [was] sustained by the plaintiff while employed by the Defendant and while engaging in interstate commerce." (M/J ¶¶ 1, 3, 4.) "During his years of service," the plaintiff alleges, he "was exposed to excessive vibration and excessive and harmful repetitive use and positioning of both hands, wrists, arms, and shoulders." (M/J ¶ 5.) Describing a number of duties that the plaintiff avers the railroad owed him (M/J ¶¶ 6-9), the Motion for Judgment states that, notwithstanding these duties, the railroad "carelessly and negligently failed to provide a safe work place" (M/J ¶ 10), "carelessly and negligently failed to furnish ... suitable equipment to perform the task assigned" (M/J ¶ 11), "carelessly and negligently failed to provide adequate instructions and/or methods for the safe use of its equipment" (M/J ¶ 12), and "carelessly and negligently failed to warn the Plaintiff of the risks associated with exposure to excessive vibration and repetitive and unnatural motions and positioning of the hands, wrists, arms, and shoulders." (M/J ¶ 13.) His "permanent injury," the plaintiff says, was "a direct and proximate result of these acts and omissions of the Defendant." (M/J ¶ 14.)

The plaintiff's assertions that defendant did, or failed to do, something "negligently" are, of course, claims that the railroad violated legal duties owed

under the FELA.[1] The defendant's demurrer complains that the plaintiff improperly uses modifying words like "carelessly" and "suitable"; it complains that the motion for judgment describes "absolute duties" when, the railroad says, its duties under the FELA are not "absolute." (Demurrer, ¶¶ 3-5.) For example, the railroad says that it "had no duty to provide a 'safe work place,' but only to exercise reasonable care to provide a reasonably safe workplace." (Demurrer ¶ 3.) None of this adds to nor subtracts from the plaintiff's factual claims and the duties imposed by Congress under the FELA. "An allegation of duty is only a conclusion of law; and where the facts alleged show the duty, and are stated with sufficient clearness to prevent surprise and enable the court to proceed upon merits of the cause," a demurrer should be overruled. *Virginia & North Carolina Wheel Co. v. Harris*, 103 Va. 708, 712-13, 49 S.E. 991 (1905) (Plaintiff alleged that defendant, "disregardful of its duties and promises, negligently, recklessly, and carelessly failed and refused to fix the saw.")

Under the FELA, a railroad is liable to an employee "if his injuries were caused in whole or in part by the railroad's negligence." *Chesapeake & Ohio Ry. v. Richmond*, 217 Va. 258, 261, 227 S.E.2d 707 (1976). "Whether negligence has been established for purposes of the FELA is a federal question," *Norfolk Southern Ry. v. Trimiew*, 253 Va. 22, 24, 480 S.E.2d 104, *cert. denied*, 520 U.S. 1265, 138 L. Ed. 2d 195, 117 S. Ct. 2434 (1997), and "the standard of proof in a F.E.L.A. action is more lenient than in a common law action," *Norfolk & Western Ry. v. Hughes*, 247 Va. 113, 116, 439 S.E.2d 411 (1994), *cert. denied*, 511 U.S. 1128, 128 L. Ed. 2d 866, 114 S. Ct. 2136 (1994). An FELA plaintiff is entitled to have his case submitted to the jury, and to recover, if "the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury." *Norfolk & Western Ry. v. A. R. Johnson*, 251 Va. 37, 43, 465 S.E.2d 800 (1996). Ordinarily, issues of FELA negligence, including questions of causation and foreseeability, should be decided by the jury. *Id.* at 44.[2]

---

[1] "Negligence is a breach of a legal duty owed by one person to another, or a failure to exercise that degree of care or caution for the safety of others that a reasonable and prudent man would, and does exercise, under like circumstances." *C. D. Kenny Co. v. Dennis*, 167 Va. 417, 420, 189 S.E. 164 (1936).

[2] The FELA plaintiff's claim in *A. R. Johnson, id.*, was similar to the claim in this case. Johnson claimed permanent damage as a result of "excessive vibration from ... grinders which 'required constant repetitive use of both hands.'" He asserted defendant negligently failed to provide him a reasonably safe place to work, failed to provide suitable equipment to perform his assigned task, failed to warn him of unsafe working

With great respect for the lawyers who filed the demurrer, I must say that — as Justice (and former Governor) Albertis S. Harrison, Jr., once wrote about an argument that I made to the Supreme Court of Virginia — "this court would stultify itself to hold" that the motion for judgment fails to inform the defendant of the true nature of the plaintiff's negligence claim. *See M. H. Johnson v. Commonwealth*, 221 Va. 736, 741, 273 S.E.2d 784 (1981), *cert. denied*, 454 U.S. 920, 70 L. Ed. 2d 231, 102 S. Ct. 422 (1981). I have thus overruled the demurrer.

---

conditions, and failed to provide adequate instructions for the safe use of the equipment." *Id.* at 39. The Supreme Court affirmed a judgment in Johnson's favor.