No. 80–6519.  JOHNSON *v.* VIRGINIA.  Sup. Ct. Va.  Certiorari denied.

JUSTICE MARSHALL, dissenting.

Petitioner, who was convicted of murder in a Virginia trial court, argues that his confession should not have been admitted into evidence.  The confession was made during a police interrogation, at the outset of which petitioner waived his rights under *Miranda* v. *Arizona,* 384 U. S. 436 (1966).  Earlier that same day, however, petitioner had stated that he wished to confer with an attorney.  The interrogation took place before he had an opportunity to do so.  The Virginia Supreme Court ruled that there had been a valid waiver, and thus that the confession was admissible.  In my view, the decision to admit the confession was contrary to the spirit—if not the letter—of our recent decision in *Edwards* v. *Arizona,* 451 U. S. 477 (1981), which was handed down after the State Supreme Court's ruling in this case.  I would grant the petition for a writ of certiorari, vacate the judgment of the State Supreme Court, and remand the case for reconsideration in light of *Edwards.*

In *Edwards* v. *Arizona,* the petitioner was arrested on charges of robbery, burglary, and murder.  After he was informed of his *Miranda* rights, he was questioned by police.  Edwards denied involvement in the crime and presented an alibi defense.  He then told police that he wanted to "make a deal."  He stated, however, that he wanted to consult with an attorney first.  Although questioning then ceased, police detectives visited Edwards the next day and told him that they wished to ask him some questions.  Petitioner replied that he did not want to talk to anyone.  After being told that he "had to" talk to the detectives, he acquiesced.  The officers read Edwards his *Miranda* rights and began a new interrogation session.  Shortly after the session began, petitioner implicated himself in the crime.

We reversed the Arizona Supreme Court's ruling that this confession was admissible, holding:

> "[W]hen an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights. [Moreover,] an accused, . . . having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." *Edwards* v. *Arizona*, 451 U. S., at 484–485.

We recognized that a person in custody who had expressed a desire to have a lawyer might change his mind and even welcome an opportunity to talk. *Id.*, at 485–486. Where the accused did not himself renew discussions with the police, however, we decided that it was unsafe to assume that he had voluntarily, knowingly, and intelligently waived his right to counsel.

The facts of this case are remarkably similar to those of *Edwards* v. *Arizona*. On December 12, 1977, petitioner was arrested by Virginia authorities and charged with robbery, premeditated murder in the commission of armed robbery, and use of a firearm in the commission of murder. At his arraignment the next day, petitioner asked the court to appoint counsel. An attorney was appointed. That afternoon, however, before petitioner had an opportunity to confer with his lawyer, a local police detective visited him in jail. This detective later testified that he neither knew nor cared whether petitioner had requested an attorney. The detective informed petitioner of his *Miranda* rights and obtained peti-

tioner's signature on a waiver form. He then initiated an interrogation session. During the course of this interrogation, petitioner confessed. Before his trial, petitioner moved to suppress the confession, arguing that he had not knowingly and intelligently waived his right to counsel. The trial court ruled the confession admissible and the Virginia Supreme Court affirmed. Petitioner was subsequently convicted.[1]

Under the circumstances, I think it clear that *Edwards* bars the use of petitioner's confession. Having exercised his right to consult with an attorney, petitioner should not have been subjected to interrogation by the authorities until counsel had been made available. The State attempts to distinguish *Edwards* on two grounds. First, it points out that Edwards clearly expressed his desire to deal with police only through counsel, whereas petitioner here simply asked that an attorney be appointed. However, an accused is under no obligation to state precisely why he wants a lawyer. If we were to distinguish cases based on the wording of an accused's request, the value of the right to counsel would be substantially diminished. As we stated in *Fare* v. *Michael C.*, 442 U. S. 707, 719 (1979), "an accused's request for an attorney is *per se* an invocation of his Fifth Amendment rights, requiring that all interrogation cease."

Second, the State notes that Edwards informed the police of his desire for an attorney, whereas petitioner only in-

---

[1] The trial court ruled that the confession was admissible after conducting a suppression hearing. Petitioner was tried before a jury and found guilty of murder. On appeal, the Virginia Supreme Court sustained the trial court's ruling on the suppression motion. *Johnson* v. *Commonwealth*, 220 Va. 146, 255 S. E. 2d 525 (1979). The conviction was reversed on other grounds, however. A new trial was held, and petitioner renewed his motion to suppress the confession. This motion was denied. Petitioner was once again found guilty of murder. On appeal from this conviction, he asked the Virginia Supreme Court to reconsider its prior holding, but the court refused to grant a writ of error on this issue.

formed the judge at his arraignment. The State suggests that since the police did not know about petitioner's request, the interrogation was not improper. However, the police could easily have determined whether petitioner had already exercised his right to counsel; presumably, a prosecutor was present at the arraignment. They did not know about petitioner's request for a lawyer only because they made no effort to determine whether such a request had been made. But even if the police could not have discovered that petitioner had expressed a desire for an attorney, I would hold that the confession should not have been admitted. The key question in this case is whether petitioner's waiver of his right to counsel was knowing, intelligent, and voluntary. In determining whether these conditions were satisfied, the fact that the police were unaware of a prior request for counsel is only tangentially relevant. What is important, rather, is the state of mind of the accused. I think it is no more safe to assume that a waiver is valid when an accused has made a prior request to the judge at his arraignment than when he has made the request to police. In both cases, the accused informs an individual in authority that he would like an attorney—and yet shortly thereafter, state officials, apparently disregarding his request, ask him to waive his rights.[2]

---

[2] This petition was not timely filed under Rule 20.1 of the Rules of this Court, which provides that a petition for certiorari to review a state court's judgment in a criminal case "shall be deemed in time when it is filed with the Clerk within 60 days after the entry of such judgment." However, this time requirement is not jurisdictional and may be waived by the Court "in the exercise of its discretion when the ends of justice so require." *Schacht* v. *United States*, 398 U. S. 58, 64 (1970) (interpreting predecessor to Rule 20.1, old Rule 22(2)); see also *Sanabria* v. *United States*, 437 U. S. 54, 62, n. 12 (1978) (same). I believe that waiver would be appropriate here because the Virginia Supreme Court's decision is so clearly in conflict with *Edwards*.