No. 85–6324. WATKINS *v.* VIRGINIA. Sup. Ct. Va. Certiorari denied.

Opinion of JUSTICE STEVENS respecting the denial of the petition for certiorari.

As JUSTICE MARSHALL explains in his dissenting opinion, the violation of petitioner's Fifth Amendment right to counsel requires that the sentence of death for the shooting of Betty Jean Barker be set aside. However, in view of the fact that, as petitioner has presented the issue, this error would not appear to have affected the validity of the conviction or the death sentence for the murder of Carl Douglas Buchanan, I agree with the Court's decision to deny certiorari and allow the error to be corrected in collateral proceedings.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

In the landmark case of *Miranda* v. *Arizona*, 384 U. S. 436 (1966), this Court held that before police institute custodial interrogation of an individual, they must inform him of his right to consult with counsel. *Miranda* further required that the police respect the individual's decision to exercise that right. We stated, in clear and mandatory language:

> "If the individual states that he wants an attorney, the interrogation must cease until an attorney is present. At that time, the individual must have an opportunity to confer with the attorney and to have him present during any subsequent questioning. If the individual cannot obtain an attorney and he indicates that he wants one before speaking to police, they must respect his decision to remain silent." *Id.*, at 474.

We reaffirmed that rule in *Fare* v. *Michael C.*, 442 U. S. 707, 719 (1979) ("[T]he Court fashioned in *Miranda* the rigid rule that an accused's request for an attorney is *per se* an invocation of his Fifth Amendment rights, requiring that all interrogation cease"); see also *Rhode Island* v. *Innis*, 446 U. S. 291, 298 (1980); *Michigan* v. *Mosley*, 423 U. S. 96, 104, n. 10 (1975); *id.*, at 109–111 (WHITE, J., concurring in result). We refined the rule in *Edwards* v. *Arizona*, 451 U. S. 477, 485 (1981), explaining that the right to counsel, once asserted, cannot be waived "unless the accused himself initiates further communication, exchanges, or conversations with the police." We emphasized: "[I]t is inconsistent with *Miranda* and its progeny for the authorities, at their instance, to reinterrogate an accused in custody if he has clearly asserted his right to counsel." *Ibid.*

In this case, the Court acquiesces in a blatant denial of that Fifth Amendment right by the police and the courts of the State of Virginia. Unwilling to ignore that violation, I dissent from the denial of certiorari.

## I

Petitioner Johnny Watkins, Jr. was charged with the murder of Betty Jean Barker. The State announced its intention to introduce at the penalty phase of that trial a statement made by Watkins in connection with an unrelated murder. During the pretrial suppression hearing, the following facts emerged.

Watkins was arrested in the evening of November 22, 1983, as a suspect in the murder of Carl Douglas Buchanan. He was questioned about 11 p.m. and signed a waiver-of-rights form, but then told the interrogating officer that he wanted to see a lawyer. Interrogation ceased temporarily.

About two hours later, Watkins was informed that he was being charged with the murder of Buchanan. He asked why he was being charged, and was given a second waiver-of-rights form to execute. The police then told Watkins that his brother Darnell had implicated him in the murder, played for him a portion of Darnell's recorded statement, and took him to see Darnell. Watkins refused to talk to police about the shooting.

The police did not supply Watkins with a lawyer. They instead transferred him to the county jail, held him there until November 28, and then reinterrogated him. Testimony was conflicting as to what happened at the November 28 meeting. The parties agreed that a police officer went to the jail to interrogate Watkins, and had him sign a waiver-of-rights form. Watkins testified that he again asked for a lawyer but that the officer ignored his request, and that the officer "nagg[ed]" him until he admitted to the shooting of Buchanan. The officer testified that Watkins never stated on November 28 that he wanted to stop the questioning or consult with a lawyer, and that he gave his statement without apparent hesitation. The Barker trial court apparently credited the officer's testimony. There was no dispute, however, that Watkins had requested a lawyer five days earlier, had not received one, had not himself reinitiated questioning, and had been questioned again nonetheless.

Watkins' statement implicating himself in the Buchanan killing, along with extensive other evidence of that crime, was admitted over objection in the penalty phase of Watkins' trial for the shoot-

ing of Barker. The jury sentenced Watkins to death. Some months later, Watkins was convicted of the murder of Buchanan, and was given a second death sentence.

The facts of this case constitute a plain violation of petitioner's Fifth Amendment right to counsel. Our law sets out a bright-line rule that all questioning must cease after an accused requests counsel, so that repeated police questioning does not "wear down the accused and persuade him to incriminate himself notwithstanding his earlier request for counsel's assistance." *Smith* v. *Illinois*, 469 U. S. 91, 98 (1984) *(per curiam)*. The accused may not be found to have waived that right, once he asserts it, unless he himself reinitiates questioning. *Ibid.*

In this case, Watkins made an undisputed and unequivocal request for counsel on November 22, and refused to talk to the authorities in counsel's absence. The response of the police was to hold Watkins without a lawyer for five days and then to interrogate him again. Even if the trial court credited the police officer with respect to the events of November 28, that interrogation was impermissible under *Miranda* and its progeny, and any statement so elicited should not have been admitted in the penalty phase of a capital proceeding. See *Estelle* v. *Smith*, 451 U. S. 454, 462–463 (1981); see also *Del Vecchio* v. *Illinois*, 474 U. S. 883 (1985) (MARSHALL, J., dissenting from denial of certiorari).

## II

Respondent State of Virginia contends that petitioner did not adequately present his Fifth Amendment claim to the Supreme Court of Virginia. It focuses on the fact that Watkins did not include the magic words "*Edwards* v. *Arizona*" in his brief to that court. This contention has no merit. *Edwards* merely set out an elaboration of the basic rule of *Miranda,* and Watkins cited expressly to *Miranda* below. He argued to the trial court that the statement had been taken in violation of his Fifth Amendment right to counsel. He argued to the appellate court that his statement had been taken in violation of his Fifth Amendment rights and was involuntary, focusing on his claim that police had ignored an express request for counsel on November 28. While Watkins did not present his argument below as proficiently as he now does in his petition for certiorari, he unmistakably raised below and reasserts here a claim that the November 28 statement was taken in violation of his Fifth Amendment right to counsel. The denial of

his November 22 request for counsel is part and parcel of that claim. See *Eddings* v. *Oklahoma,* 455 U. S. 104, 113–114, n. 9 (1982).

### III

The Court today allows Watkins' death sentence to stand notwithstanding the illegality of the evidence introduced before the jury in its sentencing deliberations. The denial of his petition adds to a long line of cases in which the Court has declined to review capital sentences marred by the sort of violation described here. *E. g., Henderson* v. *Florida,* 473 U. S. 916 (1985) (MARSHALL, J., dissenting from denial of certiorari); *James* v. *Arizona,* 469 U. S. 990 (1984) (BRENNAN, J., dissenting from denial of certiorari); *Johnson* v. *Virginia,* 454 U. S. 920 (1981) (MARSHALL, J., dissenting from denial of certiorari). I dissent.