Lynn Ray LISENBY, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–92–147 CR.

Court of Appeals of Texas,
Beaumont.

Dec. 8, 1993.

Russell J. Wright, Silsbee, for appellant.

R.F. "Bo" Horka, Dist. Atty., Kountze, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This is an appeal from a conviction for the felony offense of Aggravated Sexual Assault. Appellant pleaded guilty to the trial court. The trial court followed the agreed recommendation by the State and sentenced appellant to thirty-five (35) years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Prior to the guilty plea, the trial court held a hearing based upon a pretrial motion filed by appellant entitled, "Motion To Suppress Defendant's Statement Pursuant To *Jackson v. Denno*. [1]" At the conclusion of the hearing, the trial court denied appellant's motion with respect to all four of the written statements purportedly made by appellant. On appeal of the trial court's ruling,[2] appellant frames his points of error as follows:

Point of Error One: The trial court erred in overruling appellant's motion to suppress statements made involuntarily, and in violation of appellant's right to counsel under the Fifth Amendment to the United States Constitution, by appellant to a law enforcement officer while in custody and after appellant's request that an attorney be present during interrogation was denied.

Point of Error Two: The trial court erred in overruling appellant's motion to suppress statements made involuntarily, and in violation of appellant's right to counsel under the Sixth Amendment to the United States Constitution, by appellant to a law enforcement officer while in custody and after appellant's request that an attorney be present during interrogation was denied.

Point of Error Three: The trial court erred in overruling appellant's motion to suppress statements made involuntarily,

1. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

2. *See*, Tex.Code Crim.Proc.Ann. art. 26.13(a)(3) (Vernon 1989).

and in violation of appellant's right to counsel under Article 1, § 10 of the Texas Constitution, by appellant to a law enforcement officer while in custody and after appellant's request that an attorney be present during interrogation was denied.

Before addressing any of appellant's points of error, we must note that while the word "involuntarily" appears in the text of each of the three points of error, a very careful examination of the argument contained in appellant's brief indicates apparent abandonment of that claim by appellant. Based upon appellant's construction of the authorities he provides, as well as his accompanying arguments, we perceive the sole issue of this appeal to be whether or not appellant requested an attorney prior to answering any questions or making any statements. Admittedly appellant cites us to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Appellant, however, does not argue the applicability of *Miranda* based upon its doctrine designed to secure the constitutional privilege against *compulsory self-incrimination*, but merely states that *Miranda* "held that an interrogation must cease immediately upon an accused's demand for an attorney." It cannot be questioned that the privilege against compulsory self-incrimination and the right to assistance of counsel are two distinct rights that are not required to be exercised in tandem.

We initially address appellant's third point of error. Appellant's complete "discussion" of this point of error contained in his brief is reproduced as follows:

Appellant would also assert that his right to counsel as recognized by the Texas Constitution Article I, § 10 was denied by the actions of the law enforcement officer and the Justice of the Peace.

Because appellant provides us with neither argument nor authority in support of his claims under Article I, § 10, we find this point of error to be inadequately briefed and therefore decline to address it. *Heitman v. State*, 815 S.W.2d 681, 690–691, n. 23 (Tex. Crim.App.1991). Point of error three is overruled.

We now turn to appellant's first and second points of error based upon appellant's Fifth and Sixth[3] Amendment right to counsel. At the hearing on appellant's motion to suppress the statements, the trial court heard testimony from only two witnesses, Captain Jimmy Butler of the Hardin County Sheriff's Office, and the appellant. It was undisputed that at the time all of the statements were taken, appellant was in custody. At the hearing, Captain Butler testified that prior to taking each of the written statements, Miranda warnings were given to appellant and appellant indicated that he understood said warnings. The written warnings contained in the record before us which Captain Butler stated were read to and understood by appellant contain, *inter alia*, the following: "I have the right to have a lawyer present to advise me prior to or during any questioning[,]" and "If I am unable to employ a lawyer, I have the right to have a lawyer appointed to advise me prior to or during any questioning." Butler testified that each of the four times that appellant was read the Miranda warnings prior to taking the four statements appellant understood them and indicated that he (appellant) was waiving each right. Butler was never asked by counsel for appellant or by the State whether or not appellant indicated at any time that he (appellant) wanted to consult with an attorney or wanted an attorney present during interrogation.

3. We take note of the fact that although appellant characterizes the proceeding conducted by the Justice of the Peace as an "arraignment," the proceeding was more properly a "magistratizing" of the appellant. *See Watson v. State*, 762 S.W.2d 591, 594, n. 4 (Tex.Crim.App.1988). Nevertheless, the right of counsel, for Sixth Amendment purposes, attaches as of the time that "judicial proceedings" have been initiated against an individual, *Brewer v. Williams*, 430 U.S. 387, 398, 97 S.Ct. 1232, 1239, 51 L.Ed.2d 424, 436 (1977); said "judicial proceedings" having commenced, for Texas prosecution purposes, when an individual has been formally arrested and taken before a magistrate, or when the individual has been indicted or charged by complaint with a criminal offense. *Fuller v. State*, 829 S.W.2d 191, 205 (Tex.Crim.App.1992), *cert. denied* ⸺ U.S. ⸺, 113 S.Ct. 2418, 124 L.Ed.2d 640 (1993). As appellant in the instant case was under formal arrest and had been taken before a magistrate, his Sixth Amendment right to counsel had become effective.

Appellant testified at the hearing and stated that he did request an attorney following his arrest by Captain Butler. We note, however, that almost all of appellant's testimony was an attempt to portray the atmosphere surrounding the taking of the statements as coercive, intimidating, and threatening, and therefore involuntary. When asked to describe what words or actions were threatening or intimidating, appellant stated: "Hovering over me and letting me know they was standing there with all this equipment on, them guns and stuff and looking at you and stuff." When asked if "they" ever pulled the "guns" and held the "guns" on him, appellant responded, "No."

Appellant admitted that his rights had been read to him. A video tape introduced into evidence and played before the trial court showed Captain Butler taking appellant's first written statement at the police station shortly after appellant's arrest. Appellant did not indicate the desire for the presence of an attorney at any time during this taped interview.

It has long been held that in a *Jackson v. Denno* hearing, the trial court is the sole judge of the weight and credibility of the witnesses and may believe or disbelieve all or any part of the testimony of a witness. *Miniel v. State*, 831 S.W.2d 310, 315 (Tex.Crim. App.), *cert. denied*, —— U.S. ——, 113 S.Ct. 245, 121 L.Ed.2d 178 (1992); *Hawkins v. State*, 613 S.W.2d 720, 730–731 (Tex.Crim. App.), *cert. denied*, 454 U.S. 919, 102 S.Ct. 422, 70 L.Ed.2d 231 (1981); *Nation v. State*, 762 S.W.2d 290, 292 (Tex.App.—Beaumont 1988, no pet.). As pointed out in *North Carolina v. Butler*, 441 U.S. 369, 373, 99 S.Ct. 1755, 1757, 60 L.Ed.2d 286, 292 (1979):

> The question is not one of form, but rather whether the defendant in fact knowingly and voluntarily waived the rights delineated in the Miranda case. As was unequivocally said in Miranda, mere silence is not enough. That does not mean that the defendant's silence, coupled with an understanding of his rights and a course of conduct indicating waiver, may never support a conclusion that a defendant has waived his rights. The courts must presume that a defendant did not waive his

rights; the prosecution's burden is great; but in at least some cases waiver can be clearly inferred from the actions and words of the person interrogated.

 In the instant case, we cannot say that the trial court erred in denying appellant's motion to suppress the statements. The testimony of Captain Butler; the presence of appellant's signatures on all statements clearly waiving, *inter alia*, the "right to have a lawyer present to advise me prior to or during any questioning;" as well as portions of appellant's own testimony indicate that appellant knowingly and voluntarily waived his Fifth and Sixth Amendment right to counsel prior to the taking of the statements. The record before us fully supports the trial court's decision. Points of error one and two are overruled, and the judgment and sentence of the trial court are affirmed.

AFFIRMED.