# CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

v.

Pamela Hayes Shook

June 6, 2011

Case No. CL11-0984

By Judge Clifford R. Weckstein

A question about scheduling brought this case to the Court's attention. The Court now, and on its own motion, dismisses this appeal from the Juvenile and Domestic Relations District Court of the City of Roanoke ("Juvenile Court"). This appeal is barred by the Fifth Amendment to the Constitution of the United States, applied to the states through the Fourteenth Amendment, and by Article I, Section 8, of the Constitution of Virginia (1971). *See also Jenkins v. Mehra*, 281 Va. 37, 704 S.E.2d 577 (2011) (no right to appellate review of an order refusing to find contempt).

No hearing is necessary because the record transmitted by the Juvenile Court shows that this Court has no jurisdiction to entertain the appeal. Based upon the record, the Court makes the following findings of fact.

On January 20, 2011, the Clerk of the Juvenile Court issued a "Show Cause Summons (Criminal)," directing that the defendant, Pamela Hayes Shook, appear before that Court to show cause, if any, why action should not be taken against her pursuant to Virginia Code § 18.2-456.

> § 18.2-456. *Cases in which courts and judges may punish summarily for contempt*: The courts and judges may issue attachments for contempt, and punish them summarily, only in the cases following:
>
> (1) Misbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice;
>
> (2) Violence, or threats of violence, to a judge or officer of the court, or to a juror, witness, or party going to, attending,

or returning from the court, for or in respect of any act or proceeding had or to be had in such court;

(3) Vile, contemptuous, or insulting language addressed to or published of a judge for or in respect of any act or proceeding had, or to be had, in such court, or like language used in his presence and intended for his hearing for or in respect of such act or proceeding;

(4) Misbehavior of an officer of the court in his official character;

(5) Disobedience or resistance of an officer of the court, juror, witness, or other person to any lawful process, judgment, decree, or order of the court.

The Show Cause summons was issued upon a "Motion for Show Cause Summons or Capias," filed on November 18, 2010, in the Juvenile Court by Patrick Michael McGraw as attorney for William J. Shook, III.

The Honorable Joseph P. Bounds, Judge of the Juvenile Court entered the Juvenile Court order that ostensibly has been appealed. Judge Bounds's order attests that, on May 4, 2011, the defendant was "present" before the Juvenile Court, with her attorney; that the defendant "denied guilt"; and that the defendant "was tried and found by me: not guilty." Judge Bounds's order continues: "I order the charge dismissed with prejudice."

On May 13, 2011, within ten days from the entry of the May 4 judgment, Patrick Michael McGraw, as attorney for William James Shook, III, signed a "Notice of Appeal — Criminal" in this case. The Notice of Appeal is captioned "Commonwealth of Virginia v. Pamela Hayes Shook." On May 24, 2011, the Clerk of the Circuit Court received the case file, as a "criminal appeal" from the Juvenile Court. On or about that date, the Circuit Court Clerk, having reviewed the language used in the motion and the summons, directed that the case be given a civil case number, rather than a criminal case number.

The Court finds that the process served upon the defendant was — indisputably and unequivocally — criminal process, notwithstanding the clerical decision made by the Clerk. The summons proclaims, in two places, in letters approximately twice the height of the summons's text, in bold-faced-all-capital letters, that it is a "SHOW CAUSE SUMMONS (CRIMINAL)." The Supreme Court of Virginia recently referred to the statute cited by the warrant, Va. Code § 18.2-456 as "a criminal contempt statute." *Singleton v. Commonwealth*, 278 Va. 542, 551, n. 3, 685 S.E.2d 668, 673, n. 3 (2009). There is no indication in the summons that coercive action is sought or that the defendant would, upon adjudication, have "the keys of [her] prison in h[er] own pocket." *International Union, U.M.W. v. Bagwell*, 512 U.S. 821, 828, 114 S. Ct. 2552, 129 L. Ed. 2d 642 (1994). Rather, the summons notifies the defendant to expect the hallmark of criminal contempt: "a fixed

sentence . . . imposed retrospectively for a `completed act of disobedience,' such that the contemnor cannot avoid or abbreviate the confinement through later compliance." *Id.*, 512 U.S. at 828-29. Further, a finding of "not guilty" is, obviously, characteristic of criminal adjudications and not of civil cases, at least not since the 1950 abolition of the "plea of the general issue" in civil practice in Virginia. *See Burks' Pleading and Practice*, § 216, n. 3, at 369 (4th ed. 1952); Rule 3:8(a) (in 1950, Rule 3:5). The most recent use of the term "not guilty" in a published civil decision of the Supreme Court of Virginia was 87 years ago. *Morris & Co. v. Alvis*, 138 Va. 149, 158, 121 S.E. 145, 148 (1924) ("To the declaration, as amended, the defendant pleaded not guilty and filed the following grounds of defense.") An appeal from a final judgment of the Juvenile Court results in a trial *de novo*. Va. Code § 16.1-296. But the defendant, having been found not guilty of criminal contempt, cannot be retried for the same offense.

"[T]he double jeopardy clauses of the federal Constitution and of the Virginia Constitution `forbid not only subsequent punishment but subsequent prosecution'." *Johnson v. Commonwealth*, 221 Va. 736, 740, 273 S.E.2d 784, 787, *cert. denied sub nom. Johnson v. Virginia*, 454 U.S. 920, 102 S. Ct. 422, 70 L. Ed. 2d 231 (1981) (citation omitted and notations of omitted citations omitted). Constitutional Double Jeopardy provisions in part protect "against being twice put to trial for the same offense." *See Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 303, 104 S. Ct. 1805, 80 L. Ed. 2d 311 (1984) (citation omitted). "A judgment that the evidence is legally insufficient to sustain a guilty verdict constitutes an acquittal for purposes of the Double Jeopardy Clause." *Smalis v. Pennsylvania*, 476 U.S. 140, 142, 106 S. Ct. 1745, 90 L. Ed. 2d 116 (1986).

Thus (and without regard to whether William James Shook and his attorney had standing to note an appeal in a case in which the Commonwealth was the complaining party), the Double Jeopardy provisions of the Constitution of the United States (Amendments V and XIV) and the Commonwealth of Virginia (Art. I, Sec. 8) bar this appeal. Although Shook, by counsel, filed the petition upon which the Show Cause Summons was issued, the trial of the contempt charge "was a contest between the public and the named [defendant]" and not between her and Shook. *United Marine Div. of International Longshoremen's Ass'n v. Commonwealth*, 193 Va. 773, 780, 71 S.E. 2d 159, 164 (1952).

Further, in January of this year, the Supreme Court of Virginia held that neither the Supreme Court nor the Court of Appeals has jurisdiction to entertain an appeal of a circuit court judgment that dismisses a rule to show cause and declines to hold a person in contempt. *Jenkins v. Mehra*, 281 Va. 37, 704 S.E.2d 577. While a *de novo* appeal from a juvenile court is different from an appeal from a circuit court, the Supreme Court's analysis of appeals under Va. Code § 8.01-670(A)(3), which provides that "any person may present a petition for an appeal to the Supreme Court of

Virginia if he believes himself aggrieved . . . [b]y a final judgment in any . . . civil case," would seem to apply *mutatis mutandis* to appeals under Code § 16.1-296 ("[f]rom any final order or judgment of the juvenile court affecting the rights or interests of any person coming within its jurisdiction, an appeal may be taken to the circuit court . . . from the entry of a final judgment, order, or conviction"). *See Jenkins*, 281 Va. at 48-51.

For the foregoing reasons, the Court has dismissed this appeal, and the cause is remanded to the Juvenile and Domestic Relations District Court of the City of Roanoke, wherein a final judgment of acquittal was entered on May 4, 2011. Virginia Code § 16.1-297 provides that this order, when filed with the Juvenile Court within twenty-one days of entry, shall thereupon become the judgment of the Juvenile Court. The Court dispenses with endorsements, pursuant to Rule 1:13 of the Rules of the Supreme Court of Virginia. Any party aggrieved by this judgment may file objections with the Clerk of this Court, bringing them to the Court's attention. All objections will become part of the record. The Clerk of the Circuit Court shall provide duly certified copies of this Opinion and Order to Donald S. Caldwell, Commonwealth's Attorney for the City of Roanoke; to Tonita M. Foster, attorney of record for defendant Pamela Hayes Shook; to Patrick Michael McGraw, attorney of record for William James Shook, III; and to David Wells, Clerk of the Juvenile and Domestic Relations District Court of the City of Roanoke. The previously-scheduled hearing on this appeal (set for June 20, 2011, at 2:00 p.m.) is cancelled. No hearing will be held.

This is by no means the first time that a judge of this circuit has dismissed an appeal from a Juvenile Court judgment acquitting a person of criminal contempt. In an effort to reduce the number of such cases, the Court directs that copies of this opinion and order be transmitted to the editor of the Virginia Circuit Court Opinions, to the publishers of printed or on-line reports of Virginia opinions, to the Roanoke Bar Association, the Salem-Roanoke County Bar Association, the Roanoke Law Library, and to appropriate statewide bar groups and their family law sections.

This is a final order.