**Felix Edward CANTU, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 05–88–01194–CR, 05–88–01195–CR.**

Court of Appeals of Texas,
Dallas.

Feb. 28, 1992.

Jose Stewart, Dallas, for appellant.

Sharon Batjer, Dallas, for appellee.

Before ENOCH,[1] C.J., and KAPLAN[2] and ROSENBERG,[3] JJ.

---

1. The Honorable Craig T. Enoch has been assigned to these causes in place of the Honorable Warren Whitham, a member of the original panel, who has retired, and whose successor has not yet been appointed. Chief Justice Enoch has reviewed the briefs and the record before the Court.

2. The Honorable Jeff Kaplan succeeded the Honorable Gordon Rowe, a member of the original panel, upon Justice Rowe's resignation. Justice Kaplan has reviewed the briefs and the record before the Court.

3. The Honorable Barbara E. Rosenberg succeeded the Honorable John Whittington, a member of the original panel, upon Justice Whittington's retirement. Justice Rosenberg has reviewed the briefs and the record before the Court.

KAPLAN, Justice.

A jury convicted Felix Edward Cantu on two counts of aggravated sexual assault of a child under the age of fourteen. Punishment, enhanced by two prior felony convictions, was assessed at confinement for ninety-nine years and a $5000 fine for each offense. On an earlier appeal from both convictions, this Court held that appellant's statements to a Department of Human Services investigator were the result of a custodial interrogation and therefore erroneously admitted into evidence at trial because no *Miranda*[4] warnings were given. We further held that this was harmful error, and we remanded the two causes for trial. *See Cantu v. State,* 785 S.W.2d 1, 3–5 (Tex.App.—Dallas 1990), *rev'd,* 817 S.W.2d 74 (Tex.Crim.App.1991). The Court of Criminal Appeals granted the State's petition for discretionary review and determined that the DHS investigator did not act as an agent of law enforcement or pursuant to police practices. Accordingly, the Court of Criminal Appeals reversed this Court's judgment and remanded the cases for consideration of appellant's remaining points of error. *See Cantu v. State,* 817 S.W.2d 74, 77 (Tex.Crim.App.1991).

In his three remaining points, appellant contends that: (1) his confession was not voluntary and should have been excluded from evidence; (2) the two complaining children's out-of-court statements about the alleged offenses were hearsay; and (3) testimony from the DHS investigator about outcry statements constituted improper bolstering. We overrule these points of error and affirm the judgments of the trial court.

## VOLUNTARINESS OF CONFESSION

In his second point of error, appellant claims that the evidence presented at the pretrial suppression hearing was insufficient for the trial court to conclude that his confession was voluntary.

■ To be admissible, a confession must be freely and voluntarily made, and must not have been obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence. *See Hawkins v. State,* 613 S.W.2d 720, 730–32 (Tex.Crim.App.) (op. on reh'g), *cert. denied,* 454 U.S. 919, 102 S.Ct. 422, 70 L.Ed.2d 231 (1981); TEX.CODE CRIM.PROC. ANN. art. 38.21 (Vernon 1979). An inculpatory statement is inadmissible if it was obtained as a result of a benefit positively promised to the defendant, and if the promise was made or sanctioned by one in authority and of such a character as would be likely to influence a defendant to speak untruthfully. *Hardesty v. State,* 667 S.W.2d 130, 134 (Tex.Crim.App.1984). At a suppression hearing, the trial judge is the sole judge of the credibility of the witnesses and of the weight to be given their testimony. The judge may believe or disbelieve all or any part of any witness's testimony. We do not disturb these findings absent a clear abuse of discretion. *Meek v. State,* 790 S.W.2d 618, 620 (Tex. Crim.App.1990).

■ The circumstances surrounding this confession were hotly contested at the suppression hearing. Barbara Anderson, the DHS intake investigator to whom appellant made oral and written statements, testified that she routinely interviewed family members and everyone connected with the case when there were allegations of child molestation or child abuse. Anderson said that appellant called her and requested that she come to the jail where he was in custody. Anderson went to the jail. Appellant wanted Anderson to understand his side of the story with respect to the two children who were the complainants. Anderson said that she did not coerce or threaten appellant, nor did she make any promises of leniency in order to obtain the statements.

On cross-examination, Anderson stated that she attempted to contact appellant about the alleged child abuse. She told appellant that DHS offered group counseling, but made no assurances of probation and counseling. Anderson took appellant's statement as a matter of routine. She said that the written statement was in appellant's handwriting and consisted of appel-

**4.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

lant's words. Anderson denied telling appellant what to write. A caseworker and notary were present when appellant wrote and signed the statement. Anderson stated that she did not promise appellant that she would bring a lawyer to talk to him.

Appellant testified that he contacted Anderson because he thought that the actions of DHS personnel caused his incarceration. Appellant was aware that Anderson wanted to talk to him, and he contacted her in response to those efforts. Appellant agreed to talk because Anderson offered him probation and counseling if he pleaded guilty to the charges. Anderson told him she would bring a lawyer with her, but when she got to the jail, she said the lawyer was tied up and couldn't make it. Appellant said that Anderson promised to help him. He denied writing and signing the notarized document introduced into evidence as his written statement. Appellant said that he wrote and signed a document containing only four lines, and that Anderson told him what to write.

On cross-examination, appellant stated that he did want to talk to Anderson. He said that his written statement was notarized after he finished writing it, but the notary was not present while he wrote it. Appellant again denied that the statement introduced into evidence was the statement he wrote and signed.

On rebuttal, Anderson confirmed that the statement introduced into evidence was a copy of the statement written and signed by appellant. Anderson said that the original document was in the DHS file and was available. She stated that she did not promise or offer probation to appellant, explaining that such matters were not within the scope of her job. Anderson did tell appellant that she was there to help him because it was DHS's job to help reunify families. She did not offer anything to appellant, and she never told him that she was going to bring him a lawyer.

The trial court found that Anderson did not use coercion, threats or promises to secure the oral and written confessions. Anderson stated that she gave no assurances of counseling or probation, and her testimony does not indicate that counseling was offered to induce or coerce appellant's statements. The trial court's findings are supported by the record and must be accepted by this Court on appeal. *See Meek*, 790 S.W.2d at 621. We overrule the second point of error.[5]

## OUTCRY STATEMENTS

In his third point of error, appellant contends that the trial court erred in allowing Anderson to testify at trial about statements made by the two child complainants regarding the alleged offenses.

When it became apparent that the prosecutor was seeking testimony from Anderson about statements made to her by one of the complainants, defense counsel objected to "anything [the complainant] said as hearsay and bolstering the witness." The prosecutor responded that the testimony was admissible as an outcry statement. *See* TEX.CODE CRIM.PROC.ANN. art. 38.072 (Vernon Supp.1992). Appellant's counsel then complained that he had not received notice of the State's intention to offer the statement as required by article 38.072. The trial court ultimately ruled that a statement of intention was filed with the clerk and provided to the attorney who was then representing appellant. The court also noted that appellant's present attorney was charged with notice of the contents of the case file. When the prosecutor sought Anderson's testimony about the other complainant's statement, defense counsel simply renewed his objections. Thus, appellant's objections at trial were based on hearsay, bolstering, and lack of notice of the intent to use outcry statements. The objections were overruled, and Anderson testified about the complainants' statements regarding the alleged offenses.

---

5. It appears that the Court of Criminal Appeals has already considered this point of error and found that the record supports the trial court's finding that appellant was not coerced or intimidated into confessing. *See Cantu*, 817 S.W.2d at 77. The language used by the Court indicates agreement with our holding.

On appeal, appellant asserts for the first time that the statements did not qualify as outcry statements because Anderson was not the first adult to whom the complainants' statements were made. *See id.* § 2(a)(2).

■ A trial objection on one legal theory does not support a different legal theory on appeal. *Johnson v. State*, 803 S.W.2d 272, 292 (Tex.Crim.App.1990), *cert. denied*, — U.S. —, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991); *Goodwin v. State*, 799 S.W.2d 719, 738 (Tex.Crim.App.1990), *cert. denied*, — U.S. —, 111 S.Ct. 2913, 115 L.Ed.2d 1076 (1991). If an objection at trial differs from the complaint on appeal, no error is preserved for appellate review. *Sterling v. State*, 800 S.W.2d 513, 521 (Tex. Crim.App.1990), *cert. denied*, — U.S. —, 111 S.Ct. 2816, 115 L.Ed.2d 988 (1991); *Cravens v. State*, 687 S.W.2d 748, 752 (Tex. Crim.App.1985). To preserve error, the complaining party must first afford the trial court an opportunity to rule on the specific complaint. Tex.R.App.P. 52(a); *Johnson*, 803 S.W.2d at 292; *Goodwin*, 799 S.W.2d at 738. Because appellant's complaint on appeal differs from the objections raised in the trial court, any error has been waived. We overrule the third point of error.

## BOLSTERING

■ Appellant argues in his fourth point of error that Anderson's testimony about the two complainants' statements constituted improper bolstering. Anderson testified that one of the complainants told her that "[appellant] … used his fingers on her." The other complainant told Anderson that "[appellant] had been having sex with her since she was twelve years old." Appellant did make a bolstering objection.

Article 38.072 of the Code of Criminal Procedure renders outcry statements of child abuse victims admissible under certain circumstances.[6] Specifically, the statute provides that: (1) statements describing the alleged offense, (2) made by the child against whom the offense was allegedly committed, (3) to the first adult person, other than the defendant, to whom the child made a statement about the offense, are not inadmissible because of the hearsay rule. Tex.Code Crim.Proc.Ann. art. 38.072, § 2 (Vernon Supp.1992). The statute also requires that the child victim either testify or be available to testify. *Id.* § 2(b)(3). Although article 38.072 does not mention bolstering, nothing in the statute requires that the child complainant first be impeached before the outcry statement can be admitted into evidence. To the contrary, the statute contemplates testimony from both the child victim *and* the adult witness,

6. We quote article 38.072 in its entirety:
Art. 38.072. Hearsay statement of child abuse victim
Sec. 1. This article applies to a proceeding in the prosecution of an offense under any of the following provisions of the Penal Code, if committed against a child 12 years of age or younger:
(1) Chapter 21 (Sexual Offenses) or 22 (Assaultive Offenses);
(2) Section 25.02 (Incest);
(3) Section 25.06 (Solicitation of a Child, added by Chapter 413, Acts of the 65th Legislature, Regular Session, 1977); or
(4) Section 43.25 (Sexual Performance by a Child).
Sec. 2. (a) This article applies only to statements that describe the alleged offense that:
(1) were made by the child against whom the offense was allegedly committed; and
(2) were made to the first person, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense.

(b) A statement that meets the requirements of Subsection (a) of this article is not inadmissible because of the hearsay rule if:
(1) on or before the 14th day before the date the proceeding begins, the party intending to offer the statement:
(A) notifies the adverse party of its intention to do so;
(B) provides the adverse party with the name of the witness through whom it intends to offer the statement; and
(C) provides the adverse party with a written summary of the statement;
(2) the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement; and
(3) the child testifies or is available to testify at the proceeding in court or in any other manner provided by law.
Tex.Code Crim.Proc.Ann. art. 38.072 (Vernon Supp.1992).

regardless of whether the complainant is impeached. If bolstering provided a basis for excluding outcry statements that otherwise satisfy the requirements of article 38.-072, the exception would swallow the rule.

We conclude that the statute provides for admission of outcry statements regardless of their hearsay *or* bolstering nature.[7] We overrule appellant's fourth point of error.

The judgments of the trial court are affirmed.

---

7. The Austin Court of Appeals has interpreted an analogous statute in a similar manner. In *Brown v. State*, 649 S.W.2d 160 (Tex.App.—Austin 1983, no pet.), the court held that article 38.07 of the Code of Criminal Procedure implicitly allows a witness to testify about a victim's outcry statement. The court concluded that the purpose of the statute was to liberalize the onerous evidentiary requirements of proof in sexual attack cases. *Id.* at 162 & n. 2; *see* TEX.CODE CRIM.PROC.ANN. art. 38.07 (Vernon Supp.1992). One commentator reasonably suggests that the legislative purpose underlying article 38.072 is similar to the purpose underlying article 38.07 as stated in *Brown.* 1A R. RAY, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL §§ 927, 928 (Texas Practice 3d ed. Supp.1991).