**AFFIRMED as Modified; Opinion Filed April 30, 2013.**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-11-01182-CR**
**No. 05-11-01183-CR**

**BENJAMIN EVERIST DAVIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause Nos. F10-59055-Y, F10-59056-Y**

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice Moseley

Benjamin Everist Davis was charged with two counts of aggravated robbery. *See* TEX.

PENAL CODE § 29.03. After pleading not guilty, a jury found Davis guilty of both counts of

aggravated robbery and he was sentenced to forty years' imprisonment. In two issues, Davis

argues: (1) the trial court abused its discretion by admitting State's Exhibits 55-60, which were

photographs with hearsay information on them; and (2) the trial court's judgment should be

modified to omit the order Davis pay the cost of his court-appointed attorney.

The background and facts of the case are well known to the parties; thus, we do not recite

them here. Because all dispositive issues are settled in law, we issue this memorandum opinion.

TEX. R. APP. P. 47.2(a), 47.4. We conclude the admission of the notations on the photographs

was error, but harmless. We also conclude there is no evidence to support the trial court's order

in the judgment that Davis must pay the cost of his court-appointed attorney.

### A.    Davis's First Issue

At trial, the State offered State Exhibit's 55-60 through the testimony of Detective David Clark of the Dallas Police Department. Clark testified that State's Exhibits 55-60 were a series of documents, each of which contained two photographs placed side-by-side—on the left, a photograph of the back of Davis's head; on the right, a surveillance photograph of the robbery suspect during the robbery in question. The photographs were annotated with various markings. Clark testified he understood what the markings on the exhibits indicated, he did not create the exhibits, and he discussed the contents of the exhibits with the State prior to trial.

State's Exhibit 55 had the following notations: (1) a circle around the back of each head; (2) the numbers 1, 2, 3, and 4 within the circles; and (3) "4 Braids in Back Grouping" at the bottom of the exhibit. State's Exhibits 56-59 had the following notations: (1) a rectangle around the same portion of each head; and (2) language describing the areas designated by the rectangles at the bottom of the exhibits. State's Exhibit 60 had the following notations: (1) on the left photo, a rectangle around the back of the neck; (2) on the right photo, a rectangle around what appears to be a cluster of hair; and (2) "Curled Ends suggest hair was gathered/twisted/pulled back and/or folded over in a way similar to a bun" at the bottom of the exhibit.

Davis argues the trial court abused its discretion by admitting State's Exhibits 55-60 because the notations on the documents do not qualify for admission under an exception to the rule against hearsay. TEX. R. EVID. 803(6). Davis argues the error in admitting the exhibits was not harmless because hearsay notations on the documents invaded the province of the jury and introduced hearsay to prove the robbery suspect's identity.

The State argues Davis failed to preserve error on State's Exhibits 55-59 because Davis's objections at trial do not comport with his complaint on appeal. *See* TEX. R. EVID. 103(a); TEX.

R. APP. P. 33.1(a). The State also argues Davis effectively waived his objection to State's Exhibit 60 because alternate testimony was admitted at trial describing the exact same items. Alternatively, the State argues that any error was harmless.

### 1. Preservation of Error

To preserve error regarding the admission of evidence, a defendant must lodge a timely and specific objection. *See, e.g.*, *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). An objection stating one legal basis may not be used to support a different legal theory on appeal. *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). If an objection at trial differs from the complaint on appeal, no error is preserved for review. *Cantu v. State*, 830 S.W.2d 166, 170 (Tex. App.—Dallas, 1992, no pet.).

The record shows Davis objected to the admission of State's Exhibits 55-60, at the time of their offering, on grounds that notations on the exhibits constituted hearsay and, as a result, one exhibit made a legal conclusion. The trial court then requested the State attempt to lay a foundation for the numbers annotated on State's Exhibits 55-59 and the language annotated on State's Exhibit 60. After the exhibits were offered again, Davis renewed his prior objection, which was overruled. Because Davis's arguments on appeal concerning the improper admission of hearsay are the same objections he made at trial, we conclude that Davis has preserved his first issue for appeal. *Id.*

### 2. Admission of State's Exhibits 55-60

Hearsay is a statement, other than one made by the declarant while testifying at trial, that is offered to prove the truth of the matter asserted. TEX. R. EVID. 801(d). As a general rule, hearsay is inadmissible except as provided by the rules of evidence or by statute. TEX. R. EVID. 802; *Garcia v. State*, 868 S.W.2d 337, 339 (Tex. Crim. App. 1993). We review a trial court's decision to admit testimony over a hearsay objection under an abuse of discretion standard.

*Coffin v. State*, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994).

The annotated words and numbers on State's Exhibits 55-60 are statements by an out of court declarant offered for the truth of the matter asserted—that the photos show that the details of Davis's hairstyle match those of the robbery suspect. TEX. R. EVID. 801(d). The State failed to limit their offering of State's Exhibits 55-60, or to lay a proper foundation for the exhibits. *See* TEX. R. EVID. 803, 804. Because State's Exhibits 55-60 contained impermissible hearsay, the trial court abused its discretion by overruling Davis's objection to the exhibits.

However, the improper admission of evidence is non-constitutional error that we disregard unless the error affected an appellant's substantial rights. TEX. R. APP. P. 44.2(b); *Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004). Under rule 44.2, an appellate court may not reverse for non-constitutional error if the court, after examining the record as a whole, has fair assurance that the error did not have a substantial and injurious effect or influence in determining a defendant's conviction or punishment. *See Garcia*, 126 S.W.3d at 927. When conducting a rule 44.2(b) harm analysis, overwhelming evidence of a defendant's guilt is one factor to be considered. *Motilla v. State*, 78 S.W.3d 352, 357 (Tex. Crim. App. 2002).

The record shows that on August 6, 2010, the day the robberies took place, Detective Deborah Ek of the Dallas Police Department made a traffic stop of a white Kia Rio driven by Cecilia Allen; Davis was a passenger in the vehicle. Ek stopped the vehicle after she and her partner observed the vehicle back into an alleyway behind a 7-Eleven convenience store located at 8th and Marsalis. Davis was wearing a green shirt, blue jean pants, and white tennis shoes. Search of the vehicle resulted in a nylon-type stocking on the front passenger seat. After issuing Allen a citation, Ek and her partner continued to patrol the area, traveling westbound near the location of a 7-Eleven on 9th and Tyler. Ek observed the white Kia Rio from her previous traffic stop drive by the 7-Eleven on 9th and Tyler. At approximately the same time, police dispatch

notified Ek that several 7-Elevens in the area had been robbed and to "be on the lookout" for a white Kia Rio and a black male with braids and a green shirt.

Antonio Navarez testified he was working at a Dallas 7-Eleven on East Grand and Samuell on August 6, 2010 when the store was robbed. Navarez testified that the robber was holding a gun in his left hand, a bag in his right hand, and had a covering, like pantyhose, on his face. Navarez gave the robber "not one but maybe two two-dollar bills." Through Navarez's testimony, video surveillance footage of the robbery was offered and admitted. Similarly, Kiflu Kenso testified that, on the same day, he was working at a Dallas 7-Eleven on Carroll and Columbia Avenue when a man with a gun entered and told him to open the register. Kenso testified the man had something covering his face and was holding a gun and a plastic bag. Through Kenso's testimony, video surveillance footage of the robbery was offered and admitted

Cecilia Allen also testified at trial. Allen testified she was with Davis the day the robberies occurred. Allen testified Davis was wearing a green shirt, blue jeans, some tennis shoes, a "dew" [sic] rag, and that Davis's hair was in "four corn rows pulled to the back with a rubber band." Allen testified that she parked outside of a 7-Eleven located at Samuell and East Grand Avenue in Dallas. Davis, with a "black gun" in his pocket, entered the store and returned to the car with a sack of money. Allen testified Davis gave her twelve dollars, which included a two-dollar bill. Allen also identified Davis as the robbery suspect seen in video surveillance footage taken from the robbery. Allen testified she then drove to another 7-Eleven, and Davis robbed the store.

Detective Clark testified he met Davis at police headquarters. When Clark first saw Davis, Davis's hair was in a ponytail "pushed together, tied together somehow." Clark noticed Davis's hair was down and no longer in a ponytail-type style approximately a few hours later when Davis was having post-arrest photographs taken. Clark also noticed Davis's jeans had

various markings on them in different colors, and his shoes were "very different looking" and had "a very pronounced white bottom and side portion of the shoe that sticks out." Clark testified Davis's post-arrest clothing matched the robbery suspect's clothing when compared to photographic stills taken from surveillance footage of both robberies and Detective Ek's traffic stop of Allen's vehicle.

Because the record shows there was substantial evidence to prove Davis matched the description of the robbery suspect independent of the hearsay evidence, we conclude that the error did not have a substantial and injurious effect or influence in determining Davis's conviction. *See Garcia*, 126 S.W.3d at 927. We overrule Davis's first issue.

**B.      Davis's Second Issue**

Davis argues the evidence is insufficient to support a finding that he was able to reimburse the cost of his court-appointed attorney. Davis contends he was found indigent and the record does not show his financial circumstances materially changed after this determination.

A trial court may order a defendant to repay costs of a court-appointed attorney if it determines the defendant has the financial resources to offset in whole or in part the costs of the legal services provided. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2011). A defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). When a defendant has been found to be indigent, it is presumed he remains indigent for the remainder of the proceedings in the case unless a material change in a defendant's financial circumstances occurs. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p).

The record shows the trial court found Davis indigent and appointed an attorney to represent him during pre-trial, trial, and on appeal. The record (in cause number 05-11-01182-

–6–

CR) includes the district clerk's assessment of costs detail showing that $200.00 was included in the court costs for that case as costs for appointing Davis's attorney. Although the State raises several arguments in its brief asserting that the order should be upheld, it cites to no evidence in the record to support any implied finding that appellant had the financial resources to offset in whole or in part the cost of his appointed counsel.

Because nothing in the record indicates Davis experienced a material change in his financial status, we conclude the evidence is insufficient to support the trial court's order assessing attorney's fees as part of Davis's court costs. *Mayer*, 309 S.W.3d at 552. We sustain Davis's second issue in cause number 05-11-01182-CR. We modify the judgment in that case to reduce the court costs by the amount of the attorney's fees paid to his court-appointed counsel. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

We affirm the trial court's judgment in cause number 05-11-01183-CR. As modified, we affirm the trial court's judgment in cause number 05-11-01182-CR.

/Jim Moseley/
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
111182F.U05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BENJAMIN EVERIST DAVIS, Appellant

No. 05-11-01182-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F10-59055-Y.
Opinion delivered by Justice Moseley.
Justices O'Neill and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The amount of court costs is reduced from $464.00 to $264.00.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 30th day of April, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

BENJAMIN EVERIST DAVIS, Appellant

No. 05-11-01183-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7, Dallas County, Texas
Trial Court Cause No. F10-59056-Y.
Opinion delivered by Justice Moseley.
Justices O'Neill and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 30th day of April, 2013.

     /Jim Moseley/
     JIM MOSELEY
     JUSTICE