**Affirmed; Opinion Filed May 30, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

### No. 05-12-00405-CR

### LONNIE WAYNE HOGAN, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 195th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F10-34298-N

## MEMORANDUM OPINION
Before Justices Francis, Lang, and Evans
Opinion by Justice Lang

Following a plea of not guilty, appellant Lonnie Wayne Hogan was convicted by a jury of failure to comply with sex offender registration requirements. Additionally, appellant pleaded true to one enhancement paragraph, and the jury found that enhancement paragraph true. Punishment was assessed by the jury at twelve years' imprisonment.

In two issues on appeal, appellant contends the trial court abused its discretion by overruling his objections to (1) the admission of evidence of an "extraneous bad act" allegedly committed by him and (2) improper jury argument. We decide against appellant on his two issues. The trial court's judgment is affirmed. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4.

# I. FACTUAL AND PROCEDURAL BACKGROUND

The indictment in this case alleged that because of a previous conviction for sexual assault of a child, appellant is required to report any change of address or intended change of address to local law enforcement authorities pursuant to the "Sex Offender Registration Program" in chapter 62 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001–62.408 (West 2006 & Supp. 2012). According to the indictment, on approximately June 20, 2009, appellant "intentionally, knowingly, and recklessly" failed to report such information within the required time periods.

At appellant's request, the trial court held a pretrial hearing outside the presence of the jury to determine the admissibility of "any extraneous offenses" committed by appellant. The prosecution stated that it planned to introduce evidence of instances "not in the indictment" in which appellant moved without notifying law enforcement authorities as required. According to the prosecution, "all of these times that he moved go to his motive, opportunity, knowledge, mistake of fact." Defense counsel objected to the admissibility of such evidence on the grounds that (1) "the prejudicial effect outweighs the probative value" and (2) appellant was not given "reasonable" notice of the State's intent to introduce such evidence as required by Texas Rule of Evidence 404(b). *See* TEX. R. EVID. 404(b).

> After hearing the evidence in question outside the jury's presence, the trial court stated
>
> The Court finds that the notice provided by the State to the defense was reasonable and more than adequate. The Court further finds that the testimony proffered is relevant. And lastly the Court rules that the evidence would not be excluded because its probative value is substantially outweighed by the danger of unfair practice. The Court therefore rules that the evidence is admissible.

Appellant requested and was granted a "continuing objection with regard to this during trial."

During trial before the jury, Douglas Bailey testified he manages residential properties that include "number 314" at 3022 Forest Lane in Dallas. Bailey testified he leased the

condominium at that address to appellant for one year starting on April 1, 2008. Bailey stated that at the end of the lease term, appellant gave "a 30-day notice." The keys to the property were returned to Bailey on April 1, 2009. According to Bailey, the forwarding address provided to him was "3022 Forest Lane, number 402," which is not a property managed by him.

Elizabeth Spooner testified that in 2008 and 2009, her family owned "condo number 402" at 3022 Forest Lane in Dallas. During that time, they leased that condominium to Jennifer Cantrell. Spooner testified she discovered in April 2009 that Cantrell had allowed appellant to move into the condominium. According to Spooner, appellant lived at the condominium until sometime before Cantrell was evicted in June 2009.

Cantrell's daughter, Jessica Cantrell, testified that in 2008 and 2009, she lived in an apartment on Forest Lane in Dallas with her mother and her mother's boyfriend, Layne. Jessica testified that in August 2008, she met appellant, who lived in the same apartment complex. According to Jessica, in April 2009, appellant moved into the apartment where she, her mother, and Layne were living. Jessica testified that on June 12, 2009, the four of them moved from that apartment to Druid Lane in Irving, where they lived with her aunt and uncle. She stated that in August 2009, she, her mother, and Layne moved to her grandmother's home. Jessica testified appellant continued living with her aunt and uncle at that time.

Julie Ann Reinhard testified that in June 2009, her sister, her sister's daughter, her sister's boyfriend, and appellant moved into her home on Druid Lane in Irving. She testified appellant "left for a short period and went to my parents' house," then came back to her home until October.

Lori Jackson testified she is a detective with the Dallas Police Department and is assigned to the Sex Offender Registration Unit. Jackson testified she first came in contact with appellant on March 5, 2008, at the time of his "initial registration" in Dallas and has "registered him" on "a

number of occasions" since that time. According to Jackson, each time appellant "came in" to register his address, he initialed a document that stated he was aware that he was required to notify authorities seven days prior to changing his address.

Jackson testified that on April 8, 2008, appellant came in and registered his address as 3022 Forest Lane in Dallas, "apartment number 314." The next time she had contact with appellant was on January 22, 2009. Jackson stated that on that date, appellant came in to register and provided the same address he had provided previously, "3022 Forest, apartment 314." She testified the last contact she had with appellant was on January 28, 2010. She stated that on that date appellant came in and she "processed him again" with the same address, 3022 Forest Lane, "number 314." According to Jackson, appellant did not tell her at any point that he was moving to Irving. Police records pertaining to appellant's registrations were offered and admitted into evidence.

Scott Teien of the Irving Police Department's Sex Offender Registration Unit testified appellant did not at any time "register with the Irving Police Department." Teien testified that on May 10, 2010, he learned appellant was living at a "Motel 6 on Loop 12" in Irving. Teien stated he checked the "secure website" to see where appellant was registered and discovered appellant's last registration was in Dallas on January 28, 2010.

Additionally, (1) Willie Washington of the Dallas County Sheriff's Department testified appellant's fingerprints matched those on a certified copy of a prior conviction for aggravated sexual assault and (2) Steven Buesing of the Irving Police Department testified as to the details of appellant's arrest in Irving on May 10, 2010, for failure to comply with sex offender registration requirements. Appellant did not testify at trial.

In its closing argument, the State referred to the testimony of Jessica Cantrell and Reinhard and stated, in part, as follows:

And if you think about it, they have no reason to lie they have no motive to lie in this case. [sic] And as we talked about in jury selection the other day, y'all are the exclusive judges of witness credibility. You get to decide who you believe and who you don't believe. They have no reason to come up here and make up anything on this defendant. If there was anybody in the world to say that they were not truthful or honest people, the defense could have brought that to you, and they didn't.

At that point, defense counsel objected on the ground that the State was "shifting the burden of proof." The trial court overruled that objection. Then, the prosecutor stated, "Both sides have equal subpoena power. So if the defense wanted a witness here, they could have gotten them here."

The charge of the court included, in part, the following instruction:

You are instructed if there is any testimony before you in this case regarding the defendant's having committed offenses other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed. And even then you may only consider the same in determining the knowledge or intent of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment in this case and for no other purpose.

After appellant's conviction by the jury and the assessment of punishment described above, appellant filed a timely motion for new trial. That motion was overruled by the trial court. This appeal timely followed.

## II. EVIDENCE OF "EXTRANEOUS BAD ACT"

### A. Standard of Review and Applicable Law

"[A] trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse-of-discretion standard." *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011). As long as the trial court's ruling is within the "zone of reasonable disagreement," there is no abuse of discretion, and the trial court's ruling will be upheld. *Id.*; *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007).

Texas Rule of Evidence 404(b) provides as follows:

Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction.

TEX. R. EVID. 404(b).

Once a trial court rules that uncharged misconduct evidence is not barred under rule 404(b), the opponent of the evidence may further object under Texas Rule of Evidence 403. *Casey*, 215 S.W.3d at 879; TEX. R. EVID. 403. Rule 403 states that evidence, although relevant, may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403. "Probative value" refers to "the inherent probative force of an item of evidence—that is, how strongly it serves to make more or less probable the existence of a fact of consequence to the litigation—coupled with the proponent's need for that item of evidence." *Gigliobianco v. State*, 210 S.W.3d 637, 641 (Tex. Crim. App. 2006). "Unfair prejudice" refers to "a tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id*. "[A] trial court, when undertaking a Rule 403 analysis, must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted." *Id*. at 641–42. "[T]hese factors may well blend together in practice." *Id*. Under rule 403, it is presumed that the probative value

of relevant evidence exceeds any danger of unfair prejudice. *Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009). The rule envisions exclusion of evidence only when there is a "clear disparity between the degree of prejudice of the offered evidence and its probative value." *Id*.; *see also Casey*, 215 S.W.3d at 879 ("In keeping with the presumption of admissibility of relevant evidence, trial courts should favor admission in close cases.").

To preserve error regarding the admission of evidence, a defendant must lodge a timely and specific objection. *See* TEX. R. APP. P. 33.1(a); TEX. R. EVID. 103(a); *see also Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). The point of error on appeal must comport with the objection made at trial. *Clark*, 365 S.W.3d at 339; *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998). An objection stating one legal basis may not be used to support a different legal theory on appeal. *See Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). If an objection at trial differs from the complaint on appeal, no error is preserved for review. *See Cantu v. State*, 830 S.W.2d 166, 170 (Tex. App.—Dallas 1992, no pet.).

### B. Analysis

In his first issue, appellant asserts "[t]he trial court abused its discretion when it overruled the defense's objection to the admission of evidence of [appellant's] alleged extraneous bad act." Specifically, appellant asserts in his brief in this Court that the evidence complained of is "pattern evidence" and, as such, is "explicitly prohibited under Rule 404(b)." Additionally, appellant contends "the probative value of the evidence of the extraneous moves was outweighed by the risk of unfair prejudice" and therefore such evidence should have been excluded pursuant to rule 403.

The State responds, in part, that appellant "failed to preserve his Rule 404(b) claim for appellate review" because appellant "never brought to the trial court's attention in any fashion

the specific argument he raises on appeal—that the moves were improper 'pattern evidence.'" Further, the State asserts the trial court did not abuse its discretion by overruling appellant's rule 403 objection because the trial court "could have reasonably concluded that the probative value of the extraneous moves was not substantially outweighed by the danger of unfair prejudice."

The record shows appellant's sole objection in the trial court respecting rule 404(b) pertained to lack of adequate notice. Therefore, we conclude appellant's complaint that the evidence in question constituted improper "pattern evidence" was not preserved for this Court's review. *See Cantu*, 830 S.W.2d at 170; *see also Chitwood v. State*, 350 S.W.3d 746, 749 (Tex. App.—Amarillo 2011, no pet.) (where appellant's "invocation of rule 404" in trial court pertained solely to alleged failure of State to provide him notice of its intent to proffer evidence of particular extraneous offenses, appellant did not preserve for review his contention that such evidence was not admissible because it was merely evidence tending to show character conformance in violation of rule 404(a)).

As to appellant's rule 403 complaint, we must balance the factors described above. *See Gigliobianco*, 210 S.W.3d at 641–42. First, we consider the "inherent probative force" of the proffered evidence and the proponent's need for that evidence. *Id*. at 641. The evidence that appellant moved several times between April 2009 and May 2010 while continuing to report his previous address to local law enforcement authorities had substantial probative value as to appellant's knowledge of the reporting requirements and his intent respecting compliance. *See id*. Further, the State needed the challenged evidence because the other evidence in the case did not address such moves. *See id*. Next, we consider any tendency of the evidence to (1) suggest decision on an improper basis, (2) confuse or distract the jury from the main issues, or (3) be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence. *Id*. The other evidence presented at trial distinguished the prior moves in question

from the offense in May 2010 for which appellant was arrested, and thus it is unlikely the jury was confused. Additionally, (1) the evidence in question was not of a type that would "carry emotional weight" and thus was not likely to suggest decision on an improper basis, *cf. Casey*, 215 S.W.3d at 883; and (2) the jury was instructed that even if it found beyond a reasonable doubt that the defendant committed offenses other than those charged in the indictment, such offenses could be considered only "in determining the knowledge or intent of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment in this case and for no other purpose." *See Biera v. State*, 391 S.W.3d 204, 214 (Tex. App.—Amarillo 2012, pet. ref'd) (considering limiting instruction in rule 403 analysis). Finally, appellant contends "the presentation of the extraneous moves consumed roughly half of the presentation time." The record shows the evidence in question constituted at least one-third of the evidence presented during the guilt-innocence phase of trial. However, the trial court could have concluded there was no undue delay implicated by its presentation in light of the probative value of the evidence. *Cf. Airheart v. State*, No. 08-11-00037-CR, 2012 WL 1431762, at *6 (Tex. App.—El Paso Apr. 25, 2012, pet. ref'd) (not designated for publication) (considering probative value of evidence pertaining to extraneous offense in rule 403 analysis of whether such evidence, which was presented through multiple witnesses, consumed inordinate amount of time). Further, the record does not show the evidence in question "merely repeat[ed] evidence already admitted." *See Gigliobianco*, 210 S.W.3d at 642. On this record, we conclude the trial court could reasonably have concluded that the probative value of the evidence in question was not substantially outweighed by the danger of undue prejudice. *See id.*; TEX. R. EVID. 403.

We decide against appellant on his first issue.

### III. IMPROPER JURY ARGUMENT

*A. Standard of Review and Applicable Law*

–9–

We review a trial court's ruling on an objection to improper jury argument for abuse of discretion. *See Garcia v. State*, 126 S.W.3d 921, 924 (Tex. Crim. App. 2004); *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001); *Lemon v. State*, 298 S.W.3d 705, 707 (Tex. App.—San Antonio 2009, pet. ref'd). Proper jury argument generally falls within one of four areas: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to opposing counsel's argument, and (4) plea for law enforcement. *See Freeman v. State*, 340 S.W.3d 717, 727 (Tex. Crim. App. 2011); *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008). In examining challenges to jury argument, we consider the remark in the context in which it appears. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988).

### *B. Analysis*

In his second issue, appellant contends the trial court erred when it overruled his objection to improper argument by the prosecutor because the prosecutor's argument "shifted the burden of proof to the defense and was an improper comment of [sic] the presumption of innocence." The State responds that the complained of argument was "a proper summation of the evidence and not an attempt to shift the burden of proof."

As described above, during its closing argument, the State referred to the testimony of Jessica Cantrell and Reinhard and stated, in part, "If there was anybody in the world to say that they were not truthful or honest people, the defense could have brought that to you, and they didn't." Following the trial court's overruling of appellant's objection to that argument, the prosecutor stated, "Both sides have equal subpoena power. So if the defense wanted a witness here, they could have gotten them here."

"It is well-settled law that the State is entitled to comment on an accused's failure to produce testimony from sources other than himself when it is relevant to a disputed issue." *Harris v. State*, 122 S.W.3d 871, 884 (Tex. App.—Fort Worth 2003, pet. ref'd) (citing *Patrick v.*

*State*, 906 S.W.2d 481, 491 (Tex. Crim. App. 1995)); *see Bible v. State*, 162 S.W.3d 234, 249 (Tex. Crim. App. 2005) (prosecutorial comment on absence of evidence is proper so long as language used can reasonably be construed to refer to appellant's failure to produce evidence other than his own testimony); *Johnson v. State*, 651 S.W.2d 434, 438 (Tex. App.—Dallas 1983, no pet.) ("The State may comment on the appellant's failure to present evidence in his favor."). "Moreover, a prosecutor's comment about the subpoena power of a defendant is proper if it refers to the defendant's failure to produce evidence from other sources." *Harris*, 122 S.W.3d at 884.

The record shows the argument in question specifically pointed out the lack of testimony from other witnesses that Jessica Cantrell and Reinhard were "not truthful or honest people." We cannot conclude such argument was "manifestly intended or of such a character that the jury would naturally and necessarily interpret it as a comment on the defendant's failure to testify." *See Doty v. State*, 820 S.W.2d 918, 924 (Tex. App.—Fort Worth 1991, pet. ref'd). Rather, the argument in question was "merely a summation of the evidence presented at trial, coupled with an argument that the jury should not be concerned with evidence not presented at trial," i.e. any evidence as to lack of truthfulness of Jessica Cantrell and Reinhard. *See Harris*, 122 S.W.3d at 884–85 (concluding State's argument that defense has subpoena power to call witnesses to testify as to any motive of State's witnesses to lie was proper summation of evidence); *see also Doty*, 820 S.W.2d at 924 (concluding State's comment that if there was any evidence to support the defense's theory, "don't you think that they might have brought it to you," was permissible summation of evidence). On this record, we conclude the argument complained of was not improper. *See Harris*, 122 S.W.3d at 884–85; *Doty*, 820 S.W.2d at 924; *see also Bible*, 162 S.W.3d at 249 (concluding prosecutor's reference to absence of documentary evidence did not constitute shifting of burden of proof on special issues).

We decide appellant's second issue against him.

## IV. CONCLUSION

We decide against appellant on his two issues. The trial court's judgment is affirmed.


/Douglas L. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2
120405F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LONNIE WAYNE HOGAN, Appellant

No. 05-12-00405-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F10-34298-N.
Opinion delivered by Justice Lang.   Justices Francis and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 30th day of May, 2013.


/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE